May it please the Court, my name is David Reagan, appearing on behalf of the Law Offices of Robert Bellis for Rodolfo Suarez. This Court should reverse the ruling of the District Court and hold that the fatally inconsistent verdicts did, in fact, result in a violation of due process, and that the District Court's determination that Mr. Suarez's prior deferred entry of judgment in California did qualify as a prior conviction for purposes of drug sentencing with regards to the 20-year mandatory minimum should be reversed as well. With regards to the first issue, which is the inconsistency of the verdicts, the first issue that must be proved on that is whether the verdicts themselves actually were inconsistent. And in this case, they were. Count 1 charged a conspiracy with intent to distribute and possess methamphetamine. He was found guilty of that count. But Count 6 charged a violation of possession of methamphetamine with no conspiracy, with intent to distribute. The jury acquitted him on that count. The only factual issue in this case that was sufficiently proven by the United States Government was a transaction on April 17, 2008. Mr. Suarez's participation in that begins about April 10, 2008, when the confidential informant is calling Mr. Flores, who is admittedly in all this, and the government would not deny this, the primary participant and essentially what is the organizer of all these deals. Suarez happens to be with Flores when these calls come in. He talks with the confidential informant on the phone when the phone is handed to him by Mr. Flores, who speaks Spanish better than he does English. And Mr. Suarez would in turn either act as an interpreter or just likely speak because it was easier. The government alleges that Mr. Suarez's conversations were not prompted by Mr. Flores and that he did everything on his own accord. Mr. Reagan, let me ask you this. Let's assume you're right. Let's assume they're inconsistent. I'm not sure they are, but let's assume for the sake of discussion they are. I understand our cases to say that doesn't mean he's entitled to a judgment of acquittal, even if there are – even if the two verdicts are inconsistent. Is that – am I wrong about that? Your Honor, our argument would be that in how this Court – the United States Supreme Court did make a decision that would in some instances tend to show that. Show what? Show that inconsistent verdicts, as long as they're supported by sufficient evidence, are not a violation of the Due Process Clause. However, those – that case is in conflict with a series of cases that has also been developed by the Supreme Court, which address issue preclusion and collateral estoppel, where if there was an acquittal in a prior case that was based on the same operable facts that would be needed to prove the second offense, then that under the statute would be offensive to try them for that offense. In Powell, it opened up the issue – the issue remained open of whether two convictions in the same case could result in a – basically a violation of due process because those two verdicts would be inconsistent. It is our contention that combining the collateral estoppel cases, which clearly show, for example, in the United States versus Yeager, that an acquittal does preclude a second prosecution and that if an acquittal has the same value as a conviction in terms of the preclusionary effect, then imputing that to the Supreme Court statement in Powell, then a inconsistent acquittal and conviction would then in that case have the same fault as in those cases that discuss the issue preclusion. The second point on that is that the case of Powell and the case of Dunn, which is what the Supreme Court jurisprudence is based on, does not necessarily show what we have here, which is a more logically inconsistent verdict than the verdicts in those cases, taking that into consideration, that maybe there perhaps was in those cases a greater reason for the perceived inconsistency. What's the story on the prior conviction? On the prior conviction, it was a deferred entry of judgment in California, which means that there was a plea on the record, but the entry of judgment was never  And in the Federal Expunction Statute, when it says that this conviction has no effect if the entry of guilt plea is never entered, and he completes his 18 months of basically what is a rehabilitation program. It's not considered probation, per se, like many of the other cases in other circuits have mentioned. And admittedly, on this issue, there are quite a few cases that state to the contrary, and in this circuit in Nordbury, that a deferred entry of judgment does qualify as a prior. However, those cases rely heavily on Dickerson, and Dickerson was a case involving the gun statute, and the policy in Dickerson was to protect the public. So they went beyond what would have been, for example, in a drug statute for sentencing purposes, which is not necessarily to protect the public. That's one of the goals, but the other goal is, likewise, punishment. And so because the gun statute, in terms of who could possess a gun in Dickerson, they basically created a much greater circumference of what prior convictions would count. For example, a mental handicap that didn't allow a person to be convicted would still count because they analogize that to the fact that that type of person, the government would not want to own a gun. I don't know if the government would want that person to be punished, though. And that's the issue here, is that this is not necessarily about public safety like it was in Dickerson. This is an issue of punishment, and this is a mandatory 20-year punishment where, in this case, the judge, prior to sentencing, due to a two-point reduction for Suarez's limited involvement in the offense, had him set at 160 months to about 188 months, and because of that mandatory minimum, pushed it up to 240 months. So in a case like this where the prior conviction was clearly not on the records for any use under California law, and there is no case specifically in this circuit or other circuits, clearly, addressing whether California's statute is fatal to the enhancements based on drug convictions. So it has not been decided. The second portion is that it matches the expunction Federal statute, which was repealed in 1984, but you'd use the exact same language, which said that this conviction cannot be used in a further case, even in a Federal case, and this was a simple possession of drugs in the Federal expunction statute. And so it is our contention that this is likewise a violation of the Equal Protection Clause, where someone convicted under that statute who did have the offense removed pursuant to that statute would not have the disability of the sentencing enhancement, where a person in California, where that statute mirrors exactly the Federal statute, would have that disability. So you've got about a minute and a half. Your Honors, I'd like to reserve that for rebuttal. Thank you, Mr. Reed. Good morning, Your Honors. My name is Karen Escobar. I handled the trial in the district court and the sentencing. The verdicts were not legally nor factually inconsistent in this case. The cases of this Court and other circuits do allow for conviction of conspiracy and not the substantive offense. The defense referred to a case in his reply, U.S. v. Hernandez-Orellana, a case of the circuit in which this Court upheld conviction for conspiracy in an alien smuggling case. And the acquittal, and this Court's reverse conviction for the substantive offense of bringing aliens into the United States, this Court found in Hernandez-Orellana that conspiracy is broader than the substantive offense, and there was no inconsistency. The issue, preclusion, and collateral estoppel doctrines really do not apply by analogy, perhaps. Even if there is an analogy, the elements of the offense of conspiracy and possession with intent to distribute methamphetamine are different. There would be no issue, preclusion, or collateral estoppel if the conspiracy offense was tried later. And the government has cited to a case in its brief on that very issue with respect to collateral estoppel. It's U.S. v. Brackett at page 27 of the government's brief, indicating that acquittal on the possession charge does not preclude prosecution later of the drug conspiracy. With respect to the prior conviction, Your Honor, Your Honors, the defendant's dismissed case did not affect the conviction's underlying lawfulness. That language, the conviction's underlying lawfulness, derives from this Court's decision in Norberry. Well, those cases, though, you see, here's my problem with the prior conviction. This is an unusual statute because it requires the conviction to become final. Most of the statutes, you know, that refer to prior convictions don't say the conviction has to be final. Now, what does that mean? Did this conviction ever become final? It was deferred. What is relevant is that this Court and the courts of most other circuits, including the Seventh Circuit from your neck of the woods, have found that Federal courts need to apply Federal law in determining what a conviction is. Well, but I know that, but we'll assume it's a conviction. I have no doubt it's a conviction, you know, under Federal law. But the question is, did it ever become final? I mean, the statute, Congress must have added, you know, the phrase, prior conviction for a felony drug offense has become final. What does that mean? When did this – and I think you probably have to look at State law to determine whether it's become final, because how can you measure finality under Federal law when whether it's final or not depends on State procedures. But anyway, whichever you use, did it become final? And if so, when did it become final? Well, California just simply doesn't recognize it as a conviction. I would assume finality for California purposes is upon completion of the terms of the drug treatment program, and when the case is dismissed would trigger finality. But for Federal purposes, the entry of the guilty plea is what defines conviction. It defines conviction, but, you know, you haven't set a single case to define finality, have you? No. I've relied upon – Well, for that matter, I'm not blaming you, because neither has the defendant. Well, thank you. Apparently, there aren't any. The cases just look only at what is – What's a conviction. What's a conviction. The problem is because most statutes only require a prior conviction. They don't have the added phrase that has become final. So you have to assume, you know, Congress wasn't just wasting its time in adding that phrase. So what does that mean, has become final? Well, it seems the other circuits have alluded the analysis of finality as well. When they have reviewed cases that rely upon deferred judgments, deferred sentences, and all the cases have found that those cases where there was an entry of a guilty plea constitute conviction for 851 enhancement purposes. And there has not been the analysis with respect to finality. Norbury is the leading case. Graham, out of the Seventh Circuit, also found there was no discussion regarding finality. That case, too, involved a deferred judgment after a guilty plea to a drug-related felony. And the Seventh Circuit found, and most recently in this Ellis case, which is a district court out of the Southern District of Illinois, that that such deferred sentence constituted a conviction for enhancement purposes. Is your position that it really doesn't matter too much what the words of the state law are, as long as there's a guilty plea? You don't even care what it says? As long as there's an entry of a guilty plea, a valid and knowing guilty plea. There was no Alford issue or West issue here. There was a guilty plea. So would your answer, then, to Shima's question be that finality doesn't really matter? Well, I think finality, the focus of the analysis for the court is, was there a guilty plea? And the guilty plea constitutes the final disposition for enhancement purposes under 851. I think it's interesting to look at the legislative purpose of enacting, California legislature enacting the deferral, the drug treatment program, the possibility of having a deferred entry of a guilty plea. Suppose the judge had deferred acceptance of the plea. He didn't say, I accept your guilty plea. But they have a proceeding, and the guy said, I plead guilty, goes through the song and dance, and the judge said, I'm going to defer acceptance. Maybe that wouldn't be final. Wouldn't you agree? You know, in my review of the cases, and I can't recall which case, there was some discussion at the point of acceptance, but it didn't matter. It was the time, the focal point is the time of the entry of the guilty plea. That's what I'm saying. But if the judge says, I haven't decided whether this plea is voluntary in knowing I'm going to think about it, I'm going to defer acceptance, maybe that would answer Judge Kishima's question. Maybe that would be an unfinal guilty plea. Perhaps so. But if the judge says, I accept the plea, you know, the hammer drops, then it's maybe that plea is final, even though the rest of the case is. And there's no record here of when, if there was such a deferral of the acceptance of the plea. The defense actually conceded that there were no cases to, in the district court, no cases to support his position. The defense attorney specifically said there really isn't any authority. Several times, that was at sentence. The defense attorney was a Federal defender, Melody Walcott, made that statement in her paper. She said that Mr. Suarez does not dispute that Federal cases clearly have used deferred entry of judgment convictions to determine the applicability of convictions under 21 U.S.C. 851. The defense solely argued on the basis of an equitable solution that it didn't seem fair that a 20-year minimum should apply in this case. But this Court addressed the issue of equitableness in Norbury, focusing on sentencing disparity, indicating that it would not be fair for this, for a defendant in California to be treated differently from a defendant in another State where there is no deferred entry statutory scheme. The Court stated an exception for dismissals could result in significantly different minimum sentences for otherwise similarly situated defendants who committed prior offenses in different States. That's in Norbury at 1015. So to avoid sentencing disparity, it was equitable. This defendant did enter a guilty plea originally. He did admit he was not rehabilitated by the California statute, which was the purpose of it. He, in 2006, he had another drug-related offense. He was under the influence of a controlled substance at that time. He was on probation for that offense at the time of this case. And in this case, when he was arrested, he indicated, yes, I was involved in two transactions during this investigation. There was a 2006 transaction that he admitted to at the nursery where he worked with his co-defendant, the lead defendant, Ustorio Flores, selling methamphetamine and cocaine to the confidential source. And he admitted his involvement in negotiating the April 2008 transaction, not merely interpreting. And the recording of the negotiations do indicate he was not deferring to the co-defendant. Thank you, Your Honors. Thank you, Mrs. Clark. Mr. Reagan. You have about a minute and a half left, sir. Your Honor, for the 2006 offense that the government mentions, it just mentions he is there. It has nothing more than that, what his role in it, anything. It is also before the specific date of when the indictments are charging, the conspiracy begins, an unknown date. That is not sufficient notice to include this in that conspiracy charge. The second issue is that in a broad conspiracy case, perhaps possession would not be found if they're also guilty of the conspiracy. This is not a broad conspiracy case. This is a conspiracy to possess and distribute methamphetamine on April 17, 2008. That is the only goal and the only actions and the only conversations that are the subject of this conspiracy. If he is not guilty of possession of methamphetamine with intent to distribute that day, he also must therefore not be guilty of conspiring to possess methamphetamine on that day. He drove specifically to that place. He either constructively possesses the methamphetamine and if the jury in Count 6 decided that he didn't. And the point is well taken that this judgment is never final. It does not exist on state law. An analogy perhaps would be that a defendant admits in court when the judge isn't ready to take the plea that he's guilty. It's never entered. It's just a statement. Thank you, Mr. Reagan. Ms. Escobar, thank you. The case does start. You may submit it.
judges: Adelman, Tashima, Silverman